**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4626**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

JERRY HOLMES,

                    Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  G. Ross Anderson, Jr., Senior District Judge.  (6:02-cr-00878-GRA-2)

Submitted:  May 26, 2010                Decided:  July 21, 2010

Before KING, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lora E. Collins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Holmes appeals the district court's judgment revoking his supervised release and sentencing him to thirty-six months in prison and five years of supervised release less the revocation term. Holmes's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in her opinion, there are no meritorious grounds for appeal but raising the issue of whether the district court abused its discretion by revoking Holmes's supervised release and sentencing him to serve thirty-six months in prison and five years of supervised release, less the revocation term. Holmes has filed a pro se supplemental brief raising additional issues. We affirm.

We review a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006). We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first consider whether the sentence is procedurally or substantively unreasonable. Id. at 438. In this initial inquiry, we take a more deferential posture

2

concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence procedurally or substantively unreasonable must we decide whether it is "plainly" so. Id. at 657.

While a district court must consider the Chapter Seven policy statements and the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006), the court need not robotically tick through every subsection, and ultimately, the court has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Id. at 656-57. Moreover, while a district court must provide a statement of reasons for the sentence, the court need not be as detailed or specific when imposing a revocation sentence as when imposing a post-conviction sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

Holmes began his first period of supervised release on December 21, 2007. On August 21, 2008, the probation officer petitioned to revoke Holmes's supervised release alleging he had violated his release conditions. At his revocation hearing on October 23, 2008, Holmes admitted the violation and the district court sentenced him at the low end of his policy statement range to five months in prison and four years of supervised release. Holmes began his second term of supervised release on February

3

11, 2009. Shortly thereafter, on March 24, 2009, the probation officer petitioned to revoke Holmes's supervised release, alleging he had again violated his conditions of release. According to the probation officer, Holmes had repeatedly failed to report to the probation office as directed and refused to provide current address and contact information.

As noted in the supervised release violation report, the district court was authorized, upon finding a violation by a preponderance of the evidence, to revoke the previous term of supervised release and impose a prison term of up to three years followed by a new term of supervised release of up to five years less the revocation term. See U.S.C. § 3583(e)(3), (h) (2006). Based on Grade C violations and a criminal history category III, Holmes's advisory policy statement range was five to eleven months in prison. See U.S. Sentencing Guidelines Manual § 7B1.4(a). Neither party objected to the violation report.

At his revocation hearing, Holmes admitted the violations, and the district court confirmed this was Holmes's second time appearing before the court on supervised release violations. Holmes's attorney conceded he had "not done well on supervision," and requested that the court revoke supervision completely and sentence Holmes at the low end of his guideline range. Holmes explained that he had "made a choice" to stay out of town working rather than report to the probation office as

4

directed. The district court explained that Holmes had "made the wrong choice" and this was his "second time up here"; and the court revoked the previous term of supervised release and sentenced Holmes to a total of three years in prison and five years of supervised release less the revocation term.

On appeal, Holmes's attorney concedes that Holmes's sentence is within the prescribed statutory range, and that "[g]iven the facts of the case and the nature of Holmes's conduct while on supervised release as they appear in the record, it does not appear that the district court abused its discretion in revoking his supervised release and sentencing him as was done here." In his pro se supplemental brief, Holmes contends that the district court abused its discretion because the court was required to sentence him within his guideline range. Moreover, he contends that the court had no authority to impose a new term of supervised release; the court erred in failing to give reasons for his "upward departure"; and he should have received credit for his prior time on supervised release and the prison time served on the first violation.

We find these arguments without merit, and we conclude that the district court did not abuse its discretion by revoking Holmes's supervised release, and his sentence is both within the prescribed statutory range and reasonable. While the district court was required to consider the policy statement range, the

court had broad discretion to sentence Holmes up to the statutory maximum. As twice noted by the court, Holmes was a repeat violator. Although his offenses were only a Grade C, he had a pattern of refusing to conform to the requirements of supervision, and it was not unreasonable for the court to take into account not only the severity of the violations but also their number. See Moulden, 478 F.3d at 658. Moreover, Holmes conceded he made a "choice" to ignore his probation officer's repeated instructions, indicating his violations were not only repeated but willful. As the guideline sentence Holmes received the previous time he appeared before the district court on supervised release violations did not deter him from repeating the violations, it was reasonable for the court to reject his request for the same sentence. Finally, the court adequately explained its decision was based on Holmes making the wrong choice and appearing before the court again on violations.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to

withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>